IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTY ROBERT BEGAY,

    Petitioner,

v.                                                                               No. 24-cv-0619 WJ/KK

RONALD MARTINEZ, Warden S.N.M.C.F.,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Marty Robert Begay's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 2) ("Petition"), and Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 3) ("IFP Motion"). Having reviewed the Petition and IFP Motion, the Court grants the IFP Motion and directs Begay to show cause why the Petition should not be dismissed for failure to exhaust state remedies.

1. IFP Motion

Begay is proceeding *pro se* and is incarcerated. To the extent he seeks a waiver of the $5.00 habeas filing fee, the request is moot. Begay paid the fee on September 16, 2024. *See* (Doc. 4). To the extent he seeks other benefits of *in forma pauperis* status, such as court-supplied service, the IFP Motion (Doc. 3) will be granted.

2. Initial Review of Petition

On February 16, 1995, pursuant to a guilty plea, Begay was sentenced to murder in the first degree and six other felony offenses. First Amended Judgment, Partially Suspended Sentence

and Commitment, in Case No. D-202-CR-1993-02109.[1]   Begay challenges the execution of his sentence, stating the plea agreement he entered into requires him to serve a life sentence prior to serving the remaining sentences consecutively.  (Doc. 2) at 15-17.  He contends the warden of the facility where he is being held, "along with other correctional staff," have "changed modified or altered Petitioner['s plea agreement] to interpret as they see fit."  *Id.* at 16.  He asks the Court to "order the Respondent and his staff to ob[e]y the plea agreement" and "follow the natural order of Petitioner[']s plea as it is la[i]d out with Petitioner doing his bigger number first as it has always been."  *Id.* at 17.

While Begay filed his Petition using a § 2254 form, the Court construes his claims under 28 U.S.C. § 2241 because he challenges the execution of his sentence.  *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."); *cf. id.* at 834 ("To the extent [the petitioner] is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254.").

Pursuant to Habeas Corpus Rule[2] 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition." "If the petition is not dismissed, the judge must order the respondent to file an answer … ."  *Id.*

---

[1] The state criminal docket in State Case No. D-202-CR-1993-02109 is subject to judicial notice. *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on December 1, 2019.  The Court, in its discretion, applies those rules to the § 2241 Petition.  *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition).

As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 … ."); *United States v. Mitchell*, 518 F.3d 740, 746, n.8 (10th Cir. 2008) ("*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition.).

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present each § 2241 claim to the New Mexico Supreme Court (NMSC). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Petition and State docket clearly reflect Begay did not present his claim to the NMSC. When asked if he appealed his claim, Begay marked "No" on the Petition. *See* (Doc. 2) at 5-6. The State Court docket confirms Begay did not present this claim to the NMSC. *See* https://researchnm.tylerhost.net/CourtRecordsSearch/. The Court will therefore require Begay to show cause why his Petition should not be summarily dismissed for failing to exhaust state remedies. Begay must file his show cause response within thirty (30) days of entry of this Order. If Begay fails to timely respond, the Court will dismiss this action without further notice.

**IT IS THEREFORE ORDERED** that Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 3**) is **GRANTED**.

**IT IS FURTHER ORDERED** that **within thirty (30) days** of entry of this Order, Petitioner must file a response showing cause, if any, why the § 2241 Petition should not be dismissed for failure to exhaust state remedies.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE