IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTY ROBERT BEGAY,

    Petitioner,

v.	No. 24-cv-0619 WJ/KK

RONALD MARTINEZ, Warden S.N.M.C.F.,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Marty Robert Begay's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 2) ("Petition"), and Motion to Stay (Doc. 10). Begay challenges the execution of his 1995 sentence. The Court previously directed him to show cause why the Petition should not be dismissed for failure to exhaust state remedies. Having reviewed the record of the case and applicable law, the Court will deny Begay's Motion to Stay and dismiss the Petition without prejudice.

### BACKGROUND

On February 16, 1995, pursuant to a guilty plea, Begay was sentenced to murder in the first degree and six other felony offenses. First Amended Judgment, Partially Suspended Sentence and Commitment, in Case No. D-202-CR-1993-02109.[1] Begay challenges the execution of his sentence, stating the plea agreement he entered into requires him to serve a life sentence prior to serving the remaining sentences consecutively. (Doc. 2) at 15-17. He contends the warden of

---

[1] The state criminal docket in State Case No. D-202-CR-1993-02109 is subject to judicial notice. *Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

the facility where he is being held, "along with other correctional staff," have "changed modified or altered Petitioner['s plea agreement] to interpret as they see fit." *Id.* at 16. He asks the Court to "order the Respondent and his staff to ob[e]y the plea agreement" and "follow the natural order of Petitioner[']s plea as it is la[i]d out with Petitioner doing his bigger number first as it has always been." *Id.* at 17. The Petition and State docket reflect that Begay has not presented his claim to the State Courts. *See* (Doc. 2) at 5-6 (Begay marked "No" on the Petition where asked if he appealed his claim); https://researchnm.tylerhost.net/CourtRecordsSearch/ (State Court docket confirming Begay has not presented his claim in state court).

By a Memorandum Opinion and Order entered February 20, 2025, the Court screened the Petition. *See* (Doc. 5) ("Screening Ruling"). The Court noted that, while Begay filed his Petition using a § 2254 form, the Court construes his claims under 28 U.S.C. § 2241 because he challenges the execution of his sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."); *cf. id.* at 834 ("To the extent [the petitioner] is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254."). The Court permitted Begay to show cause, if any, why this proceeding should not be summarily dismissed. The Court granted Begay's motion for an extension of ninety days to file a response, extending the response deadline to June 18, 2025. *See* (Doc. 9) (granting Doc. 7). On July 8, 2025, Begay filed a Motion to Stay. (Doc. 10).

## DISCUSSION

Habeas Corpus Rule 4 requires *sua sponte* review of habeas petitions.[2] Courts review each claim under Habeas Corpus Rule 4 to determine whether the petitioner's custody violates

---

[2] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States

federal law.  *See* 28 U.S.C. 2241(c)(3).  Even if there is a potential violation, "a habeas petitioner is generally required to exhaust state remedies before obtaining relief.  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 … ."); *United States v. Mitchell*, 518 F.3d 740, 746, n.8 (10th Cir. 2008) ("*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition.).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  In New Mexico, this means the petitioner must present each § 2241 claim to the New Mexico Supreme Court (NMSC).  The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant."  *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007).

Here, the Petition and State docket clearly reflect Begay did not present his claims to the NMSC.  When asked if he appealed his claims, Begay marked "No" on the Petition.  *See* (Doc. 2) at 5-6.  The State Court docket confirms Begay did not present his claims to the NMSC.  *See* https://researchnm.tylerhost.net/CourtRecordsSearch/.  The Screening Ruling set forth the requirements for exhaustion, including the standard for exhaustion and futility.  *See* (Doc. 5) at 2-3.

---

District Courts, effective February 1, 1997 and amended on December 1, 2019.  The Court, in its discretion, applies those rules to the § 2241 Petition.  *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 petition).

In his Motion to Stay, Begay states he has not appealed this issue because it "recently came to light" and did not exist prior to 2025. (Doc. 10) at 1. Nevertheless, the exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar*, 490 F.3d 818. Begay does not allege absence of an available State corrective process or circumstances that render such process ineffective. Begay must exhaust his claims by filing a habeas petition in state court.

Begay further states that he is not attempting to challenge his sentence or change his plea agreement, and that the Department of Corrections is not following the plea agreement in calculating his sentence. *Id.* In the Screening Ruling the Court explained that it construes Begay's claims under 28 U.S.C. § 2241 because he challenges the execution, not validity or legality, of his sentence. *See* (Doc. 5) at 2; *Davis*, 425 F.3d at 833 ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."). The exhaustion requirement applies to claims brought under § 2241 and, therefore, Begay must exhaust state remedies before obtaining relief. *See Montez*, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 … ."). Begay's arguments relating to the merits of his claims do not address whether exhausting the claims would be futile. *See United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) (A petitioner generally "must show that he can satisfy the procedural requirements of" 28 U.S.C. § 2241 "[b]efore [the Court can] address[] the merits of [his] claims.").

Finally, Begay titles his motion "Motion to Stay," and states he is "requesting a stay." (Doc. 10) at 1. For a petitioner to obtain a stay of a habeas proceeding while pursuing exhaustion in state court, the petitioner must show "good cause for his failure to exhaust, [that] his

4

unexhausted claims are potentially meritorious, and" the absence of "intentionally dilatory litigation tactics." *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (holding the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) – which applies to mixed petitions – may also be relevant where there is a total failure to exhaust). Begay makes no attempt to show good cause for failure to exhaust his State Court remedies, which are available to him through the filing of a state habeas petition. Therefore, the Court denies the Motion to Stay. *See Rhines*, 544 U.S. at 277 (explaining that a stay is only available "in limited circumstances" and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first").

The exhaustion requirement has not been met in this case and Begay has not shown good cause for a stay. For these reasons, the Court will deny the Motion to Stay (Doc. 10) and dismiss this proceeding without prejudice to refiling after completion of the exhaustion process. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**IT IS THEREFORE ORDERED** that Petitioner Marty Robert Begay's Motion to Stay (**Doc. 10**) is **DENIED**; his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (**Doc. 2**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE